## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT PANNELL, | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.  15-CV-656-TCK-TLW |
| | ) |
| HEALTH CARE SERVICE | ) |
| CORPORATION, A MUTUAL LEGAL | ) |
| RESERVE COMPANY, d/b/a/ BLUE | ) |
| CROSS BLUE SHIELD OF | ) |
| OKLAHOMA, | ) |
| | ) |
| | ) |
|       **Defendants.** | ) |

### OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 14).

**I.**   **Background**

On March 6, 2015, Plaintiff Robert Pannell filed this action in the District Court for Tulsa County, State of Oklahoma. In his Petition, Plaintiff alleges that he purchased an insurance policy from Defendant Blue Cross Blue Shield of Oklahoma and that, on or about July 23, 2014, Defendant willfully or recklessly "denied the Plaintiff medical benefits covered by its policy of insurance." Despite Oklahoma statutes requiring a plaintiff to plead actual and punitive damages in an amount greater or less than $75,000, *see* Okla. Stat. tit. 12, §§ 2008(A)(2), 2009(G), Plaintiff sought actual and punitive damages "in an amount exceeding $10,000."

In state court, Defendant moved to strike the Petition as non-compliant with Oklahoma pleading requirements. While the motion to strike was pending, Plaintiff moved to transfer the case to another judge due to an alleged conflict with Plaintiff's counsel's law firm. On June 26, 2015, Defendant requested an initial damages disclosure under Okla. Stat. tit. 12, § 3226(A)(2), but

Plaintiff refused to respond. On August 18, 2015, the state court judge recused herself, and the case was transferred to another judge. On September 21, 2015, Defendant served a request for admission asking Plaintiff to admit that his damages do not exceed $75,000. On October 26, 2015, Plaintiff responded by stating "Objection. Not discoverable." The state court never ruled on Defendant's motion to strike Plaintiff's initial pleading.

On November 17, 2015, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1332 (a)(1) (creating federal subject-matter jurisdiction in cases where there exists complete diversity among the parties and the matter in controversy exceeds $75,000). With respect to the timing of its removal, Defendant argues that Plaintiff's October 26, 2015 discovery response "makes clear that Plaintiff will not identify whether his damages exceed $75,000 and triggered [Defendant's] removal." (Not. of Removal at 7.) With respect to the amount in controversy, Defendant alleges:

> 28. In the two-year period preceding this litigation (the statute of limitations for bad faith), there were $237,595 in denied home health care or private nursing claims for K.P. There were $608,937 in total denied claims for K.P. in the two years preceding this lawsuit.
> 29. Plaintiff also prays for punitive damages, which may exceed $500,000 in cases of insurance bad faith. *See* Okla. Stat. tit. 23, § 9.1.
> 30. Although the claims at issue in this litigation are anyone's guess, given the potential benefits at issue for home health care or private nursing, the total amount of denied benefits, as well as Plaintiff's claims for emotional distress and punitive damages, the amount in controversy plausibly—indeed, almost certainly—exceeds $75,000.

(*Id.*)

Plaintiff filed a motion to remand on two grounds. First, Plaintiff argues there is no diversity of citizenship because Defendant is an Oklahoma citizen. Second, Plaintiff argues removal was untimely because Defendant could first ascertain the case was removable on March 6, 2015, when the Petition was filed. Plaintiff contends Defendant's right to remove was particularly clear in light

2

of the United States Supreme Court's opinion in *Dart Cherokee Basin Operating Co. v. Owens*, 568 U.S. ---, 135 S. Ct. 547, 554 (2014). Notably, Plaintiff does not challenge that the amount in controversy actually exceeds $75,000.

## II.     Diversity of Citizenship

In its Notice of Removal, Defendant alleges that it is an Illinois corporation with its principal place of business in Illinois. Plaintiff argues that, because Defendant is a "mutual legal reserve company," Defendant is owned by its insureds and is a citizen of every state in which its insureds reside, including Oklahoma. Plaintiff did not cite any relevant legal authority or develop this argument in a manner that would permit meaningful analysis. Defendant's allegations of diversity are sufficient.

## III.     Notice of Removal Requirements - Amount in Controversy

In *Owens*, the Supreme Court expressly overruled *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995), and its progeny to the extent these cases imposed heightened pleading requirements in a notice of removal. *Owens*, 135 S. Ct. at 554. Prior to addressing the parties' timeliness arguments, it is necessary to discuss the changes effected by *Owens*.

### A.     Prior Law

Prior to their abrogation by *Owens*, a line of Tenth Circuit decisions required removing defendants to "set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." *See Laughlin*, 50 F.3d at 873; *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003) ("Where the face of the petition does not affirmatively establish that the amount in controversy exceeds $75,000, the rationale of *Laughlin* contemplates that the removing party will undertake to perform an economic analysis of the alleged

3

damages supported by the underlying facts."). Consistent with these cases, the Local Rules for the Northern District of Oklahoma provide:

> (a) Where one or more defendants seek to remove an action from state court based upon diversity of citizenship, and where the face of the state court petition does not contain an express damages clause as to at least one claim asserted by at least one plaintiff, in an amount exceeding $75,000 (exclusive of interest and costs), *the notice of removal shall include* either:
>    (1) A particularized statement of facts upon which the jurisdictional amount is based set forth in accordance with applicable law; or
>    (2) With respect to at least one plaintiff in the state court action, either a response by such plaintiff to an interrogatory or interrogatories as to the amount in controversy or an admission by such plaintiff in response to a request for admissions. In either case, that plaintiff's response must state unequivocally that the damages actually sought by the plaintiff exceed $75,000.
> (b) The receipt by the removing defendant or defendants of the response by a plaintiff or of the admission by a plaintiff referred to in paragraph (a)(2) shall constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b). Where the defendant or defendants do not include the statement required by paragraph (a)(1) of this rule, or do not comply with one of the alternatives described in paragraph (a)(2) of this rule, the action will be subject to remand to the state court for failure to establish a basis of federal jurisdiction.
> . . . .

N.D. LCvR 83.1 (emphasis added).

Under this local rule, a removing defendant may not file a notice of removal based simply upon a plausible allegation that the amount in controversy is satisfied. A defendant must submit an admission from the plaintiff or a particularized statement of facts with accompanying economic analysis. Courts in this district have interpreted this requirement in a fairly strict manner. *See*

4

*Herndon v. Am. Ins. Co.*, 651 F. Supp. 2d 1266, 1268 (N.D. Okla. 2009) (collecting cases remanding to state court based on a defendant's insufficient showing of amount in controversy).

### B. *Owens* Decision

In *Owens*, the Supreme Court held that *Laughlin* and its progeny placed too onerous a burden on a removing defendant and clarified that the notice of removal *itself* need not demonstrate that the amount in controversy exceeds $75,000:

> A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Owens*, 135 S. Ct. at 554. Quoting legislative history surrounding the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the Supreme Court further held:

> Defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.

*Id.* (internal alterations and quotations omitted).

Therefore, removing defendants in the Tenth Circuit no longer need a particularized statement of facts or economic analysis *prior to* removal. They need only include "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), and a "plausible allegation" that the amount in controversy exceeds the threshold, *see Owens*, 135 S. Ct. at 554. Where an initial pleading is silent or alleges a lesser amount than what a defendant believes is actually in controversy, a defendant may assert its own allegation of the amount in controversy in the notice of removal. *Id.* § 1446(c)(2)(A). When a defendant does so, "removal of the action is proper . . .

if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." *Id.* § 1446(c)(2)(B).

For practical purposes, *Owens* changes *when* a defendant must be armed with proof of the amount in controversy.[1]  Prior Tenth Circuit precedent required a removing defendant to conduct any necessary discovery in state court, be prepared to prove the jurisdictional amount immediately upon removal, or face the risk of remand.  Now, a defendant can remove based on a plausible allegation that unspecified damages exceed $75,000 and satisfy a burden of production/proof in federal court only if the plaintiff or the court challenges the allegation.  In light of *Owens*, the Court believes that Northern District Local Civil Rule 83.1 must be revised or omitted.

## IV. Timeliness

With these changes explained, the Court turns to the issue of whether Defendant's removal was timely under 28 U.S.C. §§ 1446(b)(1).  Because removal is a statutory right, failure to comply with statutory requirements renders removal defective and results in remand. *Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1222 (D.N.M. 2013).  A notice of removal must be filed within thirty days from the initial pleading or from the date "it may first be ascertained" from an "amended pleading, motion, order or other paper" that the case is removable.  28 U.S.C. §§ 1446(b)(1); (b)(3).

In order for the removal clock to begin, the right to remove "must be clearly determinable." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035 (10th Cir. 1998).  A statement by a plaintiff that

---

[1] *Owens* does not speak to *what* proof is required or alter a removing defendant's ultimate burden of proving federal jurisdiction.  Therefore, *Owens* does not appear to overrule the Tenth Circuit's leading case on the burden and available methods of proving the amount in controversy.  *See McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008).  It simply clarifies that a defendant need not have this proof upon removal and may never bear any burden of production if neither the plaintiff nor the court challenges the jurisdictional amount.

6

is "ambiguous," that could have a "double design," or that "requires an extensive investigation to determine the truth" is not sufficient to provide notice of removability. *Id.* at 1035-36. Unlike some other circuits, the Tenth Circuit has held that a defendant has no duty "to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist." *Id.* "[T]he key to determining the date from which the clock begins to run is when the defendant is able to intelligently ascertain removability." *Id.* at 1036 (internal quotation omitted).

Plaintiff contends that, despite his failure to seek in excess of the jurisdictional amount, Defendant could ascertain removability on the date the Petition was filed because (1) Defendant knew the value of the denied insurance claims, and (2) *Owens* now requires only a plausible allegation of the amount in controversy. Defendant argues that Plaintiff still has not provided "clear notice" of what insurance claims are at issue or what amount is in controversy. Defendant did not address how *Owens* impacts its removal clock. Defendant instead cited the local rules requiring a particularized statement of facts regarding the amount in controversy and Plaintiff's repeated failures to answer discovery as the reasons for its delay.

The Court concludes that removal was timely under the circumstances presented. First, Plaintiff's counsel ignored Oklahoma's pleading requirements and refused to respond to discovery requests. This weighs against a finding of untimeliness. *See Stiles v. Chattem*, 10-CV-598-CVE, 2011 WL 90321, at *3-4 (N.D. Okla. Jan. 11, 2011) ("[T]hat plaintiffs refused to [respond to discovery] severely undermines their current argument that the jurisdictional amount was clear from the face of the petition.").

Second, although *Owens* was controlling law, Defendant was attempting to comply with the local rules, which continue to require particularized facts. Without information from Plaintiff

7

regarding what insurance claims were at issue, Defendant did not have unequivocal notice of removability. Instead, Defendant knew the total amount of denied claims within the statute of limitations, which led it to conclude that more than $75,000 was likely in controversy. This is something less than "clear and unequivocal" notice that Defendant could remove the case in compliance with this Court's local rules.

Finally, no court has decided how *Owens* impacts a timeliness analysis. The Supreme Court did not discuss when the removal clock begins for a defendant who must merely make "plausible allegations" of the amount in controversy. Nor did it expressly overrule *Akin*'s "clear and unequivocal notice" requirement. It is possible *Owens* will have no impact on timeliness. Even though a defendant can now file a notice of removal with less specificity, the clock may still begin only when a plaintiff does something to provide "clear notice" of removability. However, this would allow defendants to have it both ways -- light pleading requirements in the notice of removal but specific information from a plaintiff to start the removal clock.

Another possibility is that the same "clear notice" rule applies but has less bite because "removability" has now become an easier proposition. In other words, a defendant can "intelligently ascertain removability" with less specific information. For example, in this case, Defendant knew Plaintiff was suing over denied medical claims and knew such claims likely totaled over $200,000. While it did not have "clear notice" from Plaintiff, Defendant likely had enough information to make a plausible allegation of the jurisdictional amount when the case was filed. In light of *Owens*, there is no need to wait for an admission from a dilatory plaintiff. However, in this case, it would be inequitable to find removal untimely because the local rules are still in place and there was no case law explaining the impact of *Owens*.

**V.   Summary**

Most cases filed in an Oklahoma state court should be immediately removable (or not) based on the initial pleading because plaintiffs are required to plead whether the amount in controversy exceeds $75,000.  In cases where a plaintiff seeks less than $75,000, seeks "in excess of $10,000" as required under former Oklahoma law, or seeks an ambiguous amount, *Owens* permits removal if a defendant has a plausible basis for alleging an amount in controversy of $75,000 or more.  If a plaintiff contests the amount in controversy upon removal, the federal court must permit limited discovery and decide disputed facts.  In short, it is becoming increasingly difficult for a plaintiff who actually seeks in excess of $75,000 to avoid federal jurisdiction.  It is unclear how *Owens* impacts *Akin*'s "clear and unequivocal" notice rule for purposes of timeliness.  However, defendants should be aware that *Owens*' defendant-friendly removal standards may result in an earlier trigger of the removal clock.

**VI.   Conclusion**

Plaintiff's Motion to Remand (Doc. 14) is DENIED.  The parties are ordered to submit a revised Joint Status Report no later than fourteen days from the date of this Order.

**SO ORDERED** this 14th day of April, 2016.

_____
**TERENCE C. KERN**
**United States District Judge**